[Civ. No. 4268. Third Appellate District.—April 7, 1931.]

HALE GRETTENBERG, Appellant, v. MARY GOGGIN et al., Respondents.

John A. Jorgenson for Appellant.

Law & Overholt and R. E. Hobbs for Respondents.

MR. JUSTICE Pro Tem. TUTTLE Delivered the Opinion of the Court.—This is an action brought to enjoin defendants from interfering with plaintiff's possession of certain real property and also from collecting rental therefrom.

A demurrer to the complaint was sustained, and judgment of dismissal entered upon failure of plaintiff to amend. This appeal is taken from the judgment.

The complaint alleges the execution of a deed of trust by one Rowe; that plaintiff, through assignment, is now the owner of the note which was given in connection with said trust deed; that defendant Goggin is the grantee of said Rowe, and that defendant Tackaberry is in possession of the real property covered by said trust deed, under a lease from said Rowe; that default has been made in the payment of an installment of $65 due under said trust deed; that said instrument provides that in case of default, the beneficiary might take possession of the premises; and that plaintiff elected to take possession under said provision, and served notice thereof upon defendants; that Tackaberry is uncertain as to whom he shall pay rent, and that Goggin has secured judgment against Tackaberry for one month's rental in the municipal court of Los Angeles, and an appeal has been taken from that judgment; that Goggin threatens to bring further action against Tackaberry for other installments of rent as they become due. It is prayed that defendants, other than Tackaberry, be restrained from interfering with plaintiff's possession of the premises and his collection of rent therefrom, and that it be decreed that plaintiff is entitled to collect the rent from said premises.

We are of the opinion that no sufficient showing has been made for injunctive relief. The sole controversy is over the question as to who is entitled to collect rental from the tenant in possession. The complaint shows that a trial embracing that precise issue was had in the municipal court, and that judgment was rendered therein. It further appears that an appeal was taken from said judgment. Thus a plain, speedy and adequate remedy was not only available, but has been pursued and was pending at the time of the trial. When an action at law will afford a complete remedy for any injury that has been or may be suffered by the complainant, the case is not a proper one for injunction. (14 Cal. Jur. 215.)

The only possible ground for an appeal to the equity side of the court would be to prevent a multiplicity of actions concerning the rent. But such actions would be between defendants Goggin and Tackaberry. The multiplicity of suits must be one to which complainant will be subject, and of which he can complain. (32 C. J. 89.) The complaint does not allege that plaintiff will be a party to such

suits. Upon the contrary, it alleges that "defendant Goggin is threatening to commence further actions against defendant Tackaberry".

The trial court was correct in dismissing the action, and the judgment is affirmed.